Hillsborough,
Nov. 4, 1947. } No. 3680.

RUTH DUBE *v.* INTERNATIONAL SHOE COMPANY.

ADELARD DUBE *v.* SAME.

*Thomas J. Leonard,* for the plaintiffs.

*Sullivan, Dolan & Wynot (Mr. Wynot* orally), for the defendant.

BRANCH, C. J. This case is governed by the principles laid down in *Weir* v. *Watkins,* 81 N. H. 130. That case is thus summarized by the plaintiff in her brief: "*In Weir* v. *Watkins,* 81 N. H. 130, it was held to be error to deny a motion for a nonsuit where there was no evidence either (1) that the defendant's employee who committed an assault on the plaintiff was acting in the scope of his authority, or (2) that the defendant should have apprehended such an occurrence." There is a similar lack of proof in the present case. The plaintiff does not make any claim that Boucher was acting within the scope of his authority when he committed the assault upon her. The only evidence upon which the plaintiff relies as showing that the defendant should have apprehended such an occurrence is that Boucher was in the habit of wandering around the room in which he and the plaintiff worked when he should have been at his bench and that, upon one occasion, he was involved in an altercation with the assistant foreman, one Howe, in the course of which he punched Howe in the stomach, and that he was subsequently ordered by the foreman to stay at his machine and not wander around the factory any more. Boucher's habit of wandering about the factory, while obviously undesirable from his employer's standpoint, in and of itself had no tendency to

charge the defendant with knowledge that he was likely to assault his fellow employees. By the same token, the fact that Boucher, upon one occasion, had a fight with the assistant foreman, had no logical tendency to charge the defendant with knowledge that he was likely to assault any of the female employees. "It is only when they [the servant's acts of misconduct] have become so grave and numerous as to establish the habit and character, and so notorious as to establish the reputation of lack of care or skill, that any liability for negligence in retaining the servant can attach to the master." *Sanborn, J.,* in *Southern Pacific Company* v. *Hetzer,* 135 Fed. 272, 279.

*Judgment for the defendant.*

BLANDIN, J., did not sit: the others concurred.